**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Melanie R. Chanen,

Plaintiff,

vs.

Bank of America N.A., a Foreign Banking Corporation, Countrywide Home Loans, Inc. a.k.a. Countrywide Bank, A Foreign Banking Corporation, MERS aka Mortgage Electronic Registration System, Inc., a Foreign Banking Corporation, ABC & XYZ Entities,

Defendants.

No. CV 11-01313-PHX-NVW

**ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. 8). For the reasons stated below, the motion will be granted but Plaintiff will receive leave to amend.

## I. LEGAL STANDARD

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. A claim is plausible if it contains "[f]actual allegations

[sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct alleged, *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

If a plaintiff alleges a fraud-based cause of action, Fed. R. Civ. P. 9(b) requires the plaintiff to "set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). The plaintiff should also allege the identity of the person who made the misrepresentation; the time, place, content, and manner of the misrepresentation; the persons who heard, read, or otherwise received the misrepresentation; and the injury caused by reliance on the misrepresentation. 2 James Wm. Moore et al., *Moore's Federal Practice* § 9.03[1][b] (3d ed. 2010). In addition, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotation marks omitted; alterations incorporated).

In evaluating a motion to dismiss, whether under Rule 8(a) or 9(b), the Court accepts all of the plaintiff's plausible factual allegations as true and construe the pleadings in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). And despite *Twombly* and *Iqbal*, courts continue to construe pro se complaints more liberally than complaints filed by represented parties. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). However, the Court generally does not look beyond the complaint, nor can the plaintiff use its response to a motion to dismiss to supplement the complaint. *See Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009); *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal.

2008). But the Court may take judicial notice of matters of public record, even if not alleged in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## II. BACKGROUND

### A. Facts According to the Complaint and Public Filings

In 1997, Chanen purchased a Phoenix residence. In 2005, she refinanced her home through Countrywide Home Loans, which has since been acquired by Defendant Bank of America. At some unspecified point after that, she experienced "various financial difficulties." (Doc. 1-1 at 4 ¶ 5.) Sometime in 2010, Chanen began negotiating with Bank of America to modify the loan. In the midst of negotiations, on March 1, 2011, Bank of America appointed ReconTrust as successor trustee. That same day, ReconTrust noticed a trustee's sale of Chanen's property.

Chanen continued to negotiate for a loan modification. "[A]s late as April 2011," she was told that

> the process was ongoing and was specifically told not to worry about any Trustee's Sale, and that the Trustee's Sale was being continued until such time as a resolution was reached in the renegotiation of the loan. Plaintiff was further promised by Defendant that if they [*sic*] did not get further than two months behind on payments that the foreclosure process would not be commenced. Plaintiff relied on these representations by Defendant, by and through its agents.

(*Id*. ¶ 7.) Chanen adds that she is "informed and therefore believes that the property maybe [*sic*] sold at Trustee's Sale, despite the promises and representations made by [Bank of America]." (*Id*. at 5 ¶ 8.) She also suspects that Bank of America is attempting to conceal the timing of the trustee's sale to prevent Chanen from attending.

Based on these facts, Chanen has brought suit for fraud and "misrepresentation" based on the fear that Bank of America will break its promise not to go through with the trustee's sale. She also claims breach of contract, but the contract at issue is not specified. She claims estoppel on a theory that the federal Home Affordable

Modification Program requires Bank of America to continue working with her. Finally, her complaint contains a request for a temporary restraining order.

**B. Facts as Supplemented By Chanen's Response**

Chanen's response in opposition to Defendants' motion to dismiss adds substantial detail. The Court cannot take this into account in deciding the motion to dismiss, but in this case it affects whether Chanen should receive leave to amend. Her additional assertions will therefore be summarized.

Chanen's response first clarifies her allegation that Bank of America promised not to foreclose if she did not get further than two months behind on payments. She claims that a Bank of America representative named Mark in the Imminent Default Department told her on September 28, 2010 that if she

> stayed two (2) months behind (not 60 days) on mortgage payment [*sic*] she would be eligible for the Home Affordable Modification Program ("HAMP") modification and relied upon this representation by Defendant through its agent. In actual fact, eligibility for this government modification program does not demand that a person seeking relief be behind on their mortgage at all. This statement made to Plaintiff was therefore false.

(Doc. 10 at 2.) It is not clear if she knew at the time that this statement was false, but she acted on it by delaying her October 2010 until December 2010 (which Bank of America accepted) and her November 2010 until January 2011 (also accepted). (*Id*. at 8.) She attempted to make her December 2010 payment in February 2011 but it was refused. Chanen made at least seven phone calls to Bank of America between January 31 and March 2, 2011, attempting to get her December 2010 payment accepted. She was bounced around between various employees and departments (whom she names, and also provides the date and time of each call), and eventually learned that her payment could not be accepted because her account had been frozen.

Based on these events, Chanen clarifies her reliance and damages: "BofA created profits by forcing Plaintiff to incur late fees and payments all occurring during February, March, April and May of 2011. How this was accomplished was by not accepting late

payments from Plaintiff while Defendant was operating under [the Home Affordable Modification Program]." (*Id*.)

After Chanen's attempts to make her December 2010 payment, she received "information from Defendants['] representatives, namely Manuel Rodriguez who is a workout negotiator and Jeanette Martin from BofA Regulatory Services that sale would not commence during modification." (*Id*. at 9.) However, on April 21, 2011, Ms. Martin called Chanen and informed her that "BofA could proceed with the entire foreclosure process 'up to but not including the sale of the property while modification was being negotiated'." (*Id*.)

Chanen further claims that her house "has not been sold [yet because] recently BofA through its counsel of record has negotiated a Temporary Payment Plan ('TPP') to also include assurances by BofA not to complete the final stage of the trustee sale if conditions of the TPP are met." (*Id*. at 3.) Perhaps referring to the same interaction, Chanen claims that she met with Ms. Neumeyer (counsel for Defendants here) on June 30, 2011 and "was promised . . . that property would not be sold while working with [Chanen]." (*Id*. at 10.) It is not clear who specifically is working with Chanen — Bank of America or Ms. Neumeyer — but Chanen further claims that this meeting resulted in the parties' previous stipulation extending Defendants' time to answer, which was premised on "explor[ing] options for an early resolution of this matter." (Doc. 6.)

As to her breach of contract claim, Chanen elaborates that the contracts at issue are the note and deed of trust, which originated with Countrywide but have been assumed by Bank of America. Bank of America breached the contract, she alleges, by not accepting her payments. Chanen also claims breach because of the involvement of the MERS system, and because Bank of America did not timely decide on her modification request. Moreover, Bank of America "brought about the foreclosure process which allowed them to benefit in fees and penalties and the eventual sale of Plaintiff's home." (Doc. 10 at 11 (footnote omitted).)

Regarding her estoppel claim, Chanen again argues that the Home Affordable Modification Program forbids Bank of America's alleged course of conduct toward her. (*Id*. at 13–14.)

**III. ANALYSIS**

**A. The Basic Injury at Issue**

Although Chanen asserts several causes of action, the upshot of her complaint is that she fears losing her house in the face of alleged promises that Bank of America would work with her under terms with which she claims she complied. Defendants therefore generally challenge whether Chanen has stated an injury because she has not lost her house — no trustee's sale has taken place.

There is no dispute that ReconTrust noticed the trustee's sale. It has not canceled it, but only postponed it. Postponement happens "by public declaration at the time and place last appointed for the sale. Any new sale date shall be a fixed date within ninety calendar days of the date of the declaration." A.R.S. § 33-810(B). Upon request, the trustee must "make available the date and time of the next scheduled sale . . . [but] providing this information shall be without obligation or liability for the accuracy or completeness of the information. No other notice of the postponed, continued or relocated sale is required . . . ." *Id*. The trustee is prohibited from re-recording the notice of trustee's sale. A.R.S. § 33-808(F).

This creates a sufficiently "imminent" injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). ReconTrust has declared a default and commenced a trustee's sale. The fact the ReconTrust has continued its sale in no way eliminates Chanen's alleged injury. ReconTrust could sell the house at the time of its choosing. Further, completion of the sale would put Chanen at risk of losing her rights under one view of the meaning of A.R.S. § 33-811(C), which states, "The [borrower] . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled

date of the sale." Although this statute may not have the sweeping effect for which beneficiaries often argue, *see Martenson v. RG Financing*, No. CV09-1314-PHX-NVW, 2010 WL 334648, at *8–9 (D. Ariz. Jan. 22, 2010), Chanen should not be put to the risk of losing her rights to find out what the statute means. Accordingly, Chanen has stated an imminent injury.

**B. Fraud & "Misrepresentation"**

Chanen accuses Defendants of fraud and misrepresentation, which appear to be duplicative. As pleaded, these claims do not satisfy Rule 9(b). Although the false statement is clear (the alleged promise not to foreclose as long as she remains two months behind), Chanen does not satisfy the full "who, what, when, where, and how" required to plead fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Nor does Chanen differentiate between Defendants, describe her reliance, or explain how she was damaged. Her allegations are barely more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 129 S. Ct. at 1949. The fraud and misrepresentation claims must therefore be dismissed under Rule 9(b).

Given the details supplied in Chanen's response to the motion to dismiss, Chanen may state enough to amend. Any amendment should cover fraud's nine elements with as much detail as Chanen has available to her at this point:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury.

*Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291–92, 229 P.3d 1031, 1033–34 (Ct. App. 2010). The amendment should also "inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." *Swartz*, 476 F.3d at 765 (internal quotation marks omitted; alterations incorporated).

**C. Breach of Contract**

As pleaded, Chanen's breach of contract claim does not specify which contract was breached. It therefore gives insufficient "notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted), and must be dismissed.

Chanen's response to the motion to dismiss clarifies that the contract at issue is the note. Her basic theory is that Bank of America has agreed to forbear on certain terms, which she has kept, but Bank of America is still acting towards her as if she is in default. This seems to refer to both the note and the alleged oral promise not to foreclose while modification was being considered if she remained only two months behind in payments. This may state enough for a breach of contract claim and Chanen will therefore receive leave to amend.

**D. Estoppel**

Chanen's estoppel claim focuses on Bank of America's receipt of "bail out" funds and participation in the Home Affordable Modification Program. However, the Home Affordable Modification Program does not create any legal rights for borrowers. *Puzz v. Chase Home Fin. LLC*, 763 F. Supp. 2d 1116, 1122 (D. Ariz. 2011) ("there is no authority for the proposition that HAMP or its regulations or guidelines create a private right of action against lenders who begin foreclosure without providing [foreclosure] alternatives"). Chanen has therefore stated no estoppel claim, nor could she under this theory. Accordingly, this cause of action, to the extent it relies on the Home Affordable Modification Program, will be dismissed with prejudice.

**E. Temporary Restraining Order**

Chanen's final cause of action is for a temporary restraining order. This is not a cause of action, but a provisional remedy. Regardless, the Court need not address whether Chanen merits a temporary restraining order because all of her claims are being dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by December 2, 2011. If Plaintiff does not timely file an amended complaint, this case will be dismissed without further notice.

Dated this 17th day of November, 2011.

Neil V. Wake
United States District Judge